**Ralph GREEN, Plaintiff,**

v.

**Jeffrey RAHN, et al., Defendants.**

**No. 83–650 C (D).**

United States District Court, E.D. Missouri.

Oct. 14, 1983.

**1518**

Ralph Green, plaintiff, pro se.

Jess W. Ullom, Clayton, Mo., for defendants.

## MEMORANDUM AND ORDER

WANGELIN, District Judge.

This matter is before the Court upon plaintiff's motion to add as additional defendants the City of Pine Lawn and the Pine Lawn Police Department. Plaintiff also seeks a default judgment against defendant Jeffrey Rahn.

Since defendant Rahn entered his appearance in this matter and responded to the complaint by leave of the Court on August 9, 1983, plaintiff's motion for default judgment will be denied.

With regard to his motion to add additional party defendants, plaintiff apparently has asserted jurisdiction under 42 U.S.C. § 1983 as in his original complaint. Plaintiff alleges no new facts, but merely alleges that the City and its police department are liable to plaintiff for failing to investigate, censor or sanction the police officers for their alleged actions. These charges, standing alone, do not state a cause of action since a municipality is immune from suit under § 1983. *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). To the extent that they may be read to allege vicarious liability under 28 U.S.C. § 1331 and the doctrine of *respondeat superior*, the municipality would also be immune. *Nix v. Sweeney*, 573 F.2d 998, 1003 (8th Cir.1978). Accordingly,

IT IS HEREBY ORDERED that plaintiff's motion to add additional party defendants be and is DENIED; and

IT IS FURTHER ORDERED that plaintiff's motion for default judgment be and is DENIED.